IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ENNIS STATE BANK, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| UNITED STATES LIABILITY | § | |
| INSURANCE COMPANY, ANGEL | § | |
| LUIS MERCADO, JR., and JOHN | § | |
| DOE, | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT UNITED STATES LIABILITY INSURANCE COMPANY's
NOTICE OF REMOVAL**

**TO THE HONORABLE JUDGE OF SAID COURT:**

Comes now Defendant, **UNITED STATES LIABILITY INSURANCE COMPANY**, ("USLI") and files this, its Notice of Removal, as follows:

**INTRODUCTION**

1. On May 14, 2015, Plaintiff sued Defendants in the 40th Judicial District Court of Ellis County, Texas, in Cause No. 91556, styled *Ennis State Bank v. United States Liability Insurance Company, Angel Luis Mercado, Jr., and John Doe,* which case is still pending in said court.

2. USLI was provided notice of the suit on May 21, 2015. Removal by Defendant USLI is thus timely.

## BASIS FOR REMOVAL

3. Removal is proper pursuant to 28 U.S.C. § 1441(b) because there is complete diversity between the parties who are properly joined and served as defendants. *See* 28 U.S.C. §1332(a).

4. Plaintiff, Ennis State Bank is a Texas citizen because it is a Texas chartered financial institution with its principle place of business at 815 West Ennis Avenue, Ennis, Ellis County, Texas.

5. Defendant USLI is a Pennsylvania citizen because it is a corporation organized and existing under the laws of the state of Pennsylvania with its principal place of business located in Wayne, Montgomery County, Pennsylvania.

6. The citizenship of Defendant Angel Luis Mercado (improperly named as Angel Luis Martinez) should not be considered because, as is discussed below, he is not properly joined as a defendant in this suit. 28 U.S.C. § 1441(b)(2). For the same reason, Mercado's consent to removal is not required. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993) ("application of [the consent] requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").[1]

7. Plaintiff also names a "John Doe" defendant, but admits in its Original Petition that, "John Doe is a person whose true identity is not known to Plaintiff." The citizenship of the unknown "John Doe" defendant thus cannot be considered. *Id.* § 1441(b)(1).

8. The amount in controversy exceeds $75,000, excluding interest, costs and attorney fees. Plaintiff asserts that it seeks monetary relief over $200,000 in its Original Petition.

---

[1] In any event, the undersigned represents both USLI and Mercado and, to the extent necessary, Mercado consents to removal by USLI.

9. All pleadings, process, and orders served upon USLI in the state court action are attached to or filed with this notice as required by 28 U.S.C. §1446(a).

10. Venue is proper in this district under 28 U.S.C. §1441(a) because the state court action where the action has been pending is located in this district.

11. Defendant will promptly file a copy of this notice of removal with the clerk of the state court where the action has been pending.

## FRAUDULENT JOINDER OF MERCADO

### I. Standard for Establishing Fraudulent Joinder

The doctrine of improper joinder is an exception to the rule of complete diversity which entitles a foreign defendant to remove a case to federal court if in-state defendants have not been "properly joined." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004) (en banc); *Messersmith v. Nationwide Mut. Fire Ins. Co.,* 10 F.Supp.3d 721, 723 (N.D. Tex. 2014); *One Way Investments, Inc. v. Century Sur. Co.*, 2014 WL 6991277 at *2 (N.D. Tex. Dec. 11, 2014). The doctrine allows federal courts to prevent manipulation of their jurisdiction by joinder of nondiverse parties in order to deprive federal courts of diversity jurisdiction. *Smallwood*, 385 F.3d at 576.

Improper joinder may be established by showing that the plaintiff is unable to establish a cause of action against the nondiverse defendant in state court. *Smallwood*, 385 F.3d at 573; *Messersmith,* 10 F.Supp.3d at 723; *One Way,* 2014 WL 6991277 at *2. The test for improper joinder under this circumstance is:

> [W]hether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant.

*Smallwood*, 385 F.3d at 573; *see also Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003) (explaining that terms "no possibility" of recovery and "reasonable basis" for recovery have essentially identical meaning, and holding that pleadings must show more than "any mere theoretical possibility of recovery"). This is generally determined by a Fed. R. Civ. P. 12(b)(6) type of inquiry, although at times the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry. *Smallwood*, 385 F.3d at 573.

## II.   Facts Alleged by ESB in Plaintiff's Original Petition

This suit is an insurance coverage case brought by Plaintiff Ennis State Bank ("ESB"). ESB alleges it was the loss payee as a mortgagee under a business property insurance policy issued by USLI to Jungle Jacks, Inc. d/b/a Jungle Jacks as the named insured. Plaintiff's Original Petition at 2-3.[2] Among other things, ESB alleges the policy provided coverage for loss caused by windstorm. *Id.*

ESB claims that on May 16, 2013 the building and an outdoor sign were damaged as a result of tornadic winds. *Id.* ESB contends that the actual cash value loss to the building was $307,989.89 and the actual cash loss of the sign was $10,000. *Id.* ESB states that USLI's adjusters, representatives and agents inspected the property after the loss and made reports of damages prior to the tender of two checks ($10,000 and $10,504.36) issued in settlement of the damages to the building. *Id.* at 3, 5. The checks were issued to Jungle Jacks and ESB jointly, but ESB refused to accept them in payment for the damages sustained to the property. *Id.* at 3-4.

ESB alleges that Mercado is an insurance adjuster who inspected the insured property at the request of USLI in order to adjust the amount of damage to the property. *Id.* at 6. ESB contends that Mercado's inspection occurred after ESB had refused tender of the checks and was

---

[2] USLI contends that as loss payee and not an "insured" under the policy, ESB does not have standing to bring this suit. That, however, is an issue that goes to the merits of the claims as a whole.

aware that ESB claimed the amount of the payment was inadequate. *Id.* ESB claims that Mercado made his report to USLI but did not provide a copy of the report to ESB despite a request to do so. *Id.*

ESB claims that Mercado failed to conduct a reasonable investigation of ESB's claim and failed to effect prompt resolution of ESB's claim. ESB also claims that Mercado "engaged in an unfair practice in the business of insurance" by (1) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with which the insurer's liability has become reasonably clear, and (2) failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for USLI's failing to make an offer of compromise settlement of the claim. *Id.* at 6, Section XIII. In Section XV(D) of its Original Petition, ESB identifies the "unfair practice in the business of insurance" claims as being made under Section 541 of the Texas Insurance Code.

### III.   Argument and Authority Demonstrating that Mercado was Fraudulently Joined

*One Way* and *Messersmith* are right on point. Both of those cases involved first-party insurance claims for the same type of property loss as is involved in this case (wind and hail damage). *Messersmith,* 10 F.Supp.3d at 722; *One Way,* 2014 WL 6991277 at *1. Both suits named as defendants both the foreign insurance carrier and the in-state insurance adjuster involved in handling the claim and both included the same or similar claims as in this suit. *Messersmith,* 10 F.Supp.3d at 722; *One Way,* 2014 WL 6991277 at *1. In both suits the carrier removed the suit to federal court, alleging that the in-state adjuster was fraudulently joined because there was no reasonable basis for the plaintiff to recover against the adjuster. *Messersmith,* 10 F.Supp.3d at 722; *One Way,* 2014 WL 6991277 at *1. In both of those cases the district court for the Northern District of Texas, Dallas Division, denied the plaintiff's motion

to remand on the basis of fraudulent joinder of the non-diverse adjuster defendant. *Messersmith,* 10 F.Supp.3d at 725; *One Way,* 2014 WL 6991277 at *5.

### A. ESB Has No Basis To Recover Against Mercado Under Texas Insurance Code Section 541.060(a)(2)

ESB's claim that Mercado "failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with which the insurer's liability has become reasonably clear"[3] is a claim under Tex. Ins. Code § 541.060(a)(2). See Plaintiff's Original Petition, at 7, Section XV(D). In both *Messersmith* and *One Way*, the courts held that a claim under Section 541.060(a)(2) applies only to the insurer, and not the adjuster, because an adjuster does not have settlement authority on behalf of the insurer. *Messersmith,* 10 F.Supp.3d at 724; *One Way,* 2014 WL 6991277 at *4. Instead, the adjuster's role is solely to assess damage. *Messersmith,* 10 F.Supp.3d at 724; *One Way,* 2014 WL 6991277 at *4. Thus, there is no reasonable basis for the Court to predict that ESB can recover from Mercado under this claim.

### B. ESB Has No Basis To Recover Against Mercado Under Texas Insurance Code Section 541.060(a)(3)

The other Texas Insurance Code claim ESB asserts is under Section 541.060(a)(3), which prohibits "failing to promptly provide to a *policyholder* a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of [an] . . . offer of a compromise settlement of a claim." Tex. Ins. Code § 541.060(a)(3) (emphasis added). This particular section of Section 541.060 was not pled in *Messersmith* or *One Way* and thus not specifically discussed, but the courts' holdings as to other Section 541.060 claims are analogous and show that under Texas law a claim under Section 541.060(a)(3) does not apply to an independent adjuster.

---

[3] Plaintiff's Original Petition, at 6.

First, as stated, both courts held that an adjuster's "sole role is to assess the damage." *Messersmith,* 10 F.Supp.3d at 724; *One Way,* 2014 WL 6991277 at *4. It is therefore not the adjuster's job to explain the basis in the policy for denial of a claim or offer of compromise. Second, adjusters do not have settlement authority for an insurer and it thus follows that an adjuster does not have authority to explain the basis in a policy for an insurer's denial of an offer of compromise. *Messersmith,* 10 F.Supp.3d at 724; *One Way,* 2014 WL 6991277 at *4.

Third, in *One Way*, the court held that Section 541.060(a)(4)(A), which prohibits failing within a reasonable time to affirm or deny coverage of a claim, does not apply to adjusters. *One Way,* 2014 WL 6991277 at *5. An adjuster does not have authority to affirm or deny coverage to a policyholder. *Id.* For the same reason, an adjuster does not have authority to explain the policy basis for denial of a claim or offer of settlement. Finally, by its express terms Section 541.060(a)(3) applies only to a "policyholder." ESB is not the policyholder under the USLI policy. The policyholder is Jungle Jacks. Plaintiff's Original Petition, at 2. For all of these reasons there is no reasonable basis for this Court to predict that ESB can recover from Mercado under its Section 541.060(a)(4)(A) claim.

### C.  ESB Has No Basis To Recover Against Mercado For Its Common Law Claims

The only other claim ESB asserts against Mercado is that Mercado "failed to conduct a reasonable investigation of Plaintiff's claim and failed to effect prompt resolution of Plaintiff's claim." These claims do not appear to be made under the Texas Insurance Code because they are not asserted as "unfair practices in the business of insurance." Plaintiff's Original Petition, at 6. To the extent these claims are intended to be Insurance Code claims, the latter claim (failing to effect prompt resolution), it is identical to the Section 541.060(a)(2) claim discussed above and, for the reasons discussed above, there is no basis for ESB to recover under that claim.

Section 541.060(a)(7) prohibits "refusing to pay a claim without conducting a reasonable investigation with respect to the claim." Tex. Ins. Code. § 541.060(a)(7).  To the extent ESB intends this to be a statutory claim, the *Messersmith* court held, "Those who can be held liable [under Section 541.060(a)(7)] are the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation." *Messersmith,* 10 F.Supp.3d at 724-25.  Therefore, if this claim is asserted as a statutory claim, it provides no basis for recovery against Mercado.

To the extent ESB asserts these claims under common law, such claims cannot be asserted against an independent adjuster as a matter of law.  An independent adjuster hired exclusively by an insurance carrier (and not the insured) has no relationship with, and therefore no duty to, an insured.  *Crocker v. Am. Nat. Gen. Ins. Co.,* 211 S.W.3d 928, 937-38 (Tex. App. – Dallas 2007, no pet.); *Dear v. Scottsdale Ins. Co*., 947 S.W.2d 908, 917 (Tex. App. - Dallas 1997, writ denied), *disapproved on other grounds by Apex Towing Co. v. Tolin*, 41 S.W.3d 118, 122–23 (Tex.2001).  In *Dear*, the court held that absent a contractual relationship between the insured and the adjuster, the adjuster could not be liable to the insured for improper investigation and settlement advice, "regardless of whether [the insured] phrased his allegations as negligence, bad faith, breach of contract, tortious interference, or DTPA claims." *Dear*, 947 S.W.2d at 917; *see also Natividad v. Alexsis, Inc.,* 875 S.W.2d 695, 698 (Tex. 1994) (because adjuster was not a party to a contract with the insured giving rise to a 'special relationship,' the adjuster owed no duty of good faith and fair dealing to the insured).  Consequently, there is no reasonable basis for this Court to predict that ESB might be able to recover against Mercado for its common law (or statutory, if any) claims relating to investigation and resolution of the claim.

### D. ESB's Claims Against Mercado Are Conclusory And Thus Fail To State Any Actionable Claim

Notwithstanding the fact that ESB cannot recover against Mercado under the *type* of claims asserted against him, the allegations against Mercado are purely conclusory and do not meet minimum pleading standards. *See Weber Paradise Apartments, LP v. Lexington Ins. Co.*, 2013 WL 2255256 at *8 (N.D. Tex. 2013). For the purposes of determining whether a party has been fraudulently joined, the petition must be evaluated under the Texas "fair notice" pleading standard. *Id*. ("While Texas has a low threshold for pleading, a plaintiff must set forth at least a modicum of specificity regarding a defendant's conduct."); *see also Marquez v. Allstate Texas Lloyds*, 2014 WL 710952 at * 1-2 (S.D. Tex. 2014); *Jiminez v. Travelers Indem. Co*., 2010 WL 1257802 at *5 (S.D. Tex. 2010). Therefore, in evaluating whether there is a reasonable basis for liability against a defendant, the court must look at the *factual* allegations to determine whether the plaintiff has alleged sufficient facts to support its claims. *Marquez,* 2014 WL 710952 at * 2.

In *Jiminez*, the court denied a motion to remand in a similar case brought against an insurer and adjuster in which the insurer claimed the adjuster was fraudulently joined. *Jiminez*, 2010 WL 1257802 at *6. The court found that the plaintiff failed to identify any facts showing how and when the adjuster violated the law. *Id.* at *5. The petition included only conclusory allegations without specific facts defining any acts or omissions the adjuster participated in, and what and when she did. *Id.*

Similarly, other than conclusory allegations that Mercado failed to conduct a reasonable investigation, failed to effect prompt resolution of Plaintiff's claim, and failed to provide an explanation of the basis in the policy for denial, ESB does not plead any specific *facts* as to what Mercado did wrong, when he did anything wrong, or how what he did violated the law. The only specific factual allegation as to Mercado in the petition is that he inspected the insured

property after ESB refused USLI's tender of payment. There is nothing whatsoever linking this inspection with any of the legal claims asserted against Mercado. *See Weber*, 2013 WL 2255256 at *8 ("there is no factual fit between the unclear and conclusory allegations in the Petition and Plaintiff's theories of recovery."). For this additional reason, there is no reasonable basis for this Court to predict that ESB can recover on its claims against Mercado.

## IV.     Conclusion

For the reasons stated above, there is no reasonable basis for this Court to predict that ESB can recover on its claims against Mercado. Mercado was thus fraudulently joined as a party and his citizenship cannot be considered for the purposes of removal on the basis of diversity jurisdiction. *Smallwood*, 385 F.3d at 573. This Court thus has jurisdiction over this action pursuant to 28 U.S.C. § 1441(b) because there is complete diversity between the parties who are properly joined and served as defendants. *See* 28 U.S.C. §1332(a).

**WHEREFORE**, Defendant this removal of the action styled, *Ennis State Bank v. United States Liability Insurance Company, Angel Luis Mercado, Jr., and John Doe,* Cause No. 91556, in the 40th Judicial District Court of Ellis County, Texas, to this federal court is proper.

Respectfully submitted,

By: _____
*/s/ Lauren N. Pierce*

**R. DOUGLAS REES**
State Bar No. 16700600
doug.rees@cooperscully.com
**LAUREN N. PIERCE**
Texas Bar No. 00784675
lauren.pierce@cooperscully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas  75202
Telephone:    214-712-9500
Facsimile:      214-712-9540

**ATTORNEYS FOR DEFENDANTS UNITED STATES LIABILITY INSURANCE COMPANY AND ANGEL LUIS MERCADO, JR.**

## CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of June, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Frederick deB. Bostwick, III
Beard, Kultgen Brophy Bostwick & Dickson, LLP
220 South 4th Street
Waco, TX  76701

*/s/ Lauren N. Pierce*
_____
**LAUREN N. PIERCE**