CAUSE NO. 91556

| ENNIS STATE BANK | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| v. | § | |
| | § | ELLIS COUNTY, TEXAS |
| UNITED STATES LIABILITY | § | |
| INSURANCE COMPANY, ANGEL LUIS | § | |
| MARTINEZ, JR. and JOHN DOE | § | 40TH JUDICIAL DISTRICT |

## INDEX TO DOCUMENTS

| 1. | State Court Docket Sheet[1] |
|---|---|
| 2. | Plaintiff's Original Petition |
| 3. | 05/19/2015 letter agreement regarding acceptance of service |
| 4. | Defendants United States Liability Insurance Company and Angel Luis Martinez, Jr.'s Original Answer |

---

[1] Please note, the first page is what we received from the state court, the second page is a screen shot of what is shown filed online.

Case 3:15-cv-02087-B    Document    Page 2 of 14   PageID 17

# ENNIS STATE BANK
## VS
## UNITED STATES LIABILITY INSURANCE
### # 91556



PAGE _____

PLAINTIFF/PETITIONER'S ATTORN
DEFENDANT/RESPONDENT'S ATT(
REPORTER : _____

| DATE | NOTES OF COURT |
|------|----------------|
|      |                |



### Civil Case Inquiry - Microsoft Internet Explorer provided by Cooper & Scully

http://www.lgs-hosted.com/ELLIS.DCK.CLERK.DATA_web_html/tkt_desert.css_PB.CIVIL.INQUIRY_84.html?rand=173097463101#

Cancel | Help

## Civil Case Inquiry

General | Parties | | Docket | Fees | Issuances | Employers | Children | AG | Activity | Accts | Property | Jdg Docket

**Pleadings** — 91556

**Pleadings History**

| Sel | # | Date | Code | Description | Party | Qty | Vol/Pge | Img | Remarks | Amount | User | AG | View |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ○ + - | 1 | 05/15/2015 | O/P/C\ | ORIGINAL PET | Plaintiff | 1 | | I | PET-PETITION | 257.00 | MKET( | ☐ | View |
| ○ + - | 2 | 05/15/2015 | CIT | CITATION | Plaintiff | 1 | | | USLIC* EFILED | 8.00 | MHIND | ☐ | View |
| ○ + - | 3 | 05/15/2015 | CIT | CITATION | Plaintiff | 1 | | I | A MARTINEZ / | 8.00 | MHIND | ☐ | View |
| ○ + - | 4 | 05/15/2015 | STATE | STATE INFO S | Plaintiff | 1 | | I | FILING DESCR | 0.00 | MKET( | ☐ | View |
| ○ + - | 5 | 05/15/2015 | EFILE | E-FILE SERVIC | Plaintiff | 1 | | | | 2.00 | MKET( | ☐ | View |
| ○ + - | 6 | 05/15/2015 | REC | RECEIPT ISSU | Plaintiff | | | | 350546 | 275.00 | MKET( | ☐ | View |
| ○ + - | 7 | 05/29/2015 | LT | LETTER TO/FR | Plaintiff | 1 | | I | LT OF SVC | 0.00 | MHIND | ☐ | View |
| ○ + - | 8 | 05/29/2015 | EFILE | E-FILE SERVIC | Plaintiff | 1 | | | | 2.00 | MHIND | ☐ | View |
| ○ + - | 9 | 05/29/2015 | REC | RECEIPT ISSU | Plaintiff | | | | 351257 | 2.00 | MHIND | ☐ | View |
| ○ + - | 10 | 06/10/2015 | NFD | NO FEE DOCU | Plaintiff | 1 | | I | CITATION SER | | MKET( | ☐ | View |
| ○ + - | 11 | 06/10/2015 | EFILE | E-FILE SERVIC | Plaintiff | 1 | | | | 2.00 | MKET( | ☐ | View |
| ○ + - | 12 | 06/10/2015 | REC | RECEIPT ISSU | Plaintiff | | | | 351850 | 2.00 | MKET( | ☐ | View |
| ○ + - | 13 | 06/11/2015 | ANS | ANSWER | Defendant | 1 | | I | US LIABILITY & | | MHIND | ☐ | View |
| ○ + - | 14 | 06/11/2015 | EFILE | E-FILE SERVIC | Defendant | 1 | | | | 2.00 | MHIND | ☐ | View |
| ○ + - | 15 | 06/11/2015 | REC | RECEIPT ISSU | Defendant | | | | 351901 | 2.00 | MHIND | ☐ | View |

|< < > >|  GoTo  15 of 15 Lines

| Plaintiff Total | Defendant Total | Intervenor Total | Movant Total | Respondent Total | Cross Complainant Total | Third Party Total |
|---|---|---|---|---|---|---|
| 0.00 | 0.00 | | | | | |

91556
Ellis County - District Clerk

**FILED**
MAY 1 4 2015
MELANIE REED
CLERK DISTRICT COURT
ELLIS COUNTY, TEXAS

CAUSE NO. 91556

| | |
|---|---|
| ENNIS STATE BANK | IN THE DISTRICT COURT OF |
| VS. | |
| UNITED STATES LIABILITY INSURANCE COMPANY, ANGEL LUIS MARTINEZ, JR., and | ELLIS COUNTY, TEXAS |
| JOHN DOE | 40th JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE COURT:

ENNIS STATE BANK, Plaintiff, complains of United States Liability Insurance Company, Angel Luis Martinez, Jr. and John Doe, Defendants, and for cause of action shows:

I.

Plaintiff is a Texas state charted financial institution with its principal place of business at 815 West Ennis Avenue, Ennis, Texas. Defendant, United States Liability Insurance Company, hereinafter referred to as USLI, is a fire and casualty company organized under the laws of the State of Pennsylvania, authorized to engage in insurance business in Texas. Citation may be served on Defendant USLI by serving Lisa Mann at Bingham, Mann & House, 4500 Yoakum Blvd., Houston, Texas 77006, and Defendant Angel Luis Martinez, Jr., hereinafter referred to as Martinez, may be served with citation at 5054 White Pine Drive, Royse City, Texas 75189-5546. John Doe is a person whose true identity is not known to Plaintiff. Plaintiff pleads that discovery should be conducted in accordance with the Discovery Control Plan – By Rule (Level 2) under Civil Procedure Rule 190.3.

II.

Defendant USLI issued an insurance policy naming Plaintiff as loss payee insuring a building and sign located at 905 East Ennis Avenue, Ennis, Texas 751119, against loss by windstorm, among other things, for a period beginning October 20, 2012, and ending on October 20, 2013. Pursuant to the terms of the policy, Plaintiff had insurance protection up to $400,000.00 for any loss resulting from damage to the building insured and $10,000.00 for an outdoor sign. The insurance policy was numbered by USLI as BP1558620A. The policy was at all times material to the action in full force and effect.

III.

On May 16, 2013 the building and sign, insured by USLI pursuant to the insurance contract sustained damage as a result of tornadic winds. The actual cash value of the building immediately prior to the loss was $463,000.00 and the actual cash value immediately after the loss was $155,010.11. The reasonable and necessary cost of repairing the damaged building was $307,989.89. The actual cash value loss of the sign was $10,000.00. The actual cash value loss to the building was $307,989.89.

IV.

Jungle Jacks, Inc. dba Jungle Jacks was the named insured on the policy of insurance issued by USLI. Jungle Jacks was the Lessee of the building insured by USLI. Anwar Ahmad, hereinafter referred to as "Ahmad" was the owner and Lessor of the property insured and Plaintiff was the Mortgagee of the property insured. Ahmad was also the President and sole director and shareholder of Jungle Jacks.

V.

Plaintiff was the Mortgagee under the provisions of that one certain Note dated February 25, 2009, in the original principal amount of $750,000.00, executed and delivered by ALIJI/AHMAD, a Texas General Partnership to Plaintiff, secured by a vendor's lien retained in Warranty Deed dated September 20, 2010, filed for record in the office of the County Clerk of Ellis County, Texas, in Volume 2532, Page 1287 of the Official Public Records of Ellis County, Texas, and further secured by that certain Deed of Trust and Security Agreement dated February 25, 2009, in favor of Bramlet F. Beard, Trustee, filed for record in the office of the County Clerk of Ellis County, Texas, in Volume 2436, Page 1402 of the Official Public Records of Ellis County, Texas. Said note and lien was extended by extension of Real Estate Note and Lien acknowledged on December 31, 2009. By Warranty Deed dated September 9, 2010, ALIJI/AHMAD, a Texas Partnership, conveyed the mortgaged property to Ahmad, who assumed the indebtedness against the property. By Assumption Agreement dated September 20, 2010, Plaintiff accepted the Assumption by Ahmad and released ALIJI/AHMAD, a Texas Partnership and MAZEM, individually from liability. By General Warranty Deed (In Lieu Of Foreclosure) accepted by Plaintiff on the 5th day of June, 2013, Ahmad conveyed the insured property to Plaintiff in consideration of the Release of Personal Liability of Ahmad, but not releasing or relinquishing the debt and preserving all liens in full force against the property.

VI.

USLI issued its two certain checks in the amount of $10,000.00, and $10,504.36, respectively, for a total of $20,504.36, dated August 14, 2013, payable to Jungle Jacks, Inc., dba Jungle Jacks, and Ennis State Bank, Plaintiff herein, and delivered the checks to Ahmad, the President of Jungle Jacks, Inc. Thereafter, Ahmad presented the checks to Ennis State Bank, but

Page 3 of 8

Ennis State Bank refused to accept the checks in payment for the damages sustained to the property and to Plaintiff's interest in the property, and Bank refused to endorse said checks.

VII.

In support of its loss, Plaintiff submitted to Defendant the estimate of damages prepared by Texas Property Public Adjustors, estimating the damages caused by the tornadic winds of May 16, 2013, to be the sum of $307,989.89. As further proof of its loss, Plaintiff submitted to Defendant a proposal for storm damage report, and report on the condition of the structure insured and estimating the construction costs to repair the damage to be $261,012.78. Plaintiff further submitted appraisal records of the value of the property.

VIII.

On the date of occurrence, Plaintiff was the Mortgagee of the damaged property. On the date of occurrence, there was a principal balance on the debt of $786,222.13, with accrued interest through May 16, 2013, of $65,070.86, for a total of $851,292.99. Accrued interest since that date is $81,034.73 through March 31, 2015, for a total of $932,327.72, with a per diem thereafter of $118.47, at the rate of 5.5%.

IX.

All conditions precedent to Plaintiff's recovery have been performed or have occurred, but USLI has failed and refused to pay Plaintiff in accordance with its contract obligation.

X.

USLI's adjusters, representatives and agents inspected the premises and made reports of damages prior to the tender of the two checks issued in settlement of the damages to the building. After Plaintiff refused to accept the checks offered for damages USLI made further inspection of the property.

Plaintiff has requested copies of USLI's adjuster's reports or other estimates of damages to the property and USLI has failed and refused to furnish said reports to Plaintiff. USLI has made no offer of settlement of the damages.

XI.

A.  USLI was engaged in the business of insurance and Plaintiff was a beneficiary of the policy of insurance issued by USLI as set out above.

B.  USLI engaged in an unfair practice in the business of insurance because (1) it failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with which the insurer's liability has become reasonably clear; and (2) failed to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law for the USLI's failing to make an offer of a compromise settlement of the claim.

C.  The failure to make a prompt settlement of the claim and provide a reasonable explanation was done knowingly with actual awareness of the unfairness of the USLI's tender of payment in the total sum of $20,504.36 after Plaintiff had declined to accept the amount tendered and USLI knew thereafter that the amount tendered was significantly less than the actual amount of the loss sustained in damages to the insured property.

XII.

Defendant Martinez is an insurance adjuster engaged in the business of insurance. Martinez made inspection of the insured property at the request of Defendant USLI for the purpose of adjusting the amount of damages to the property.

The inspection made by Martinez, occurred after Plaintiff had refused the tender of payment of the sum of $20,504.36 made by USLI. At that time, Martinez was aware of the objection of Plaintiff that the amount tendered was inadequate. Martinez made his report to USLI, but did not furnish a copy of his report to Plaintiff even though requested to do so.

XIII.

A. Plaintiff was a beneficiary of the policy of insurance issued by USLI.

B. Defendant Martinez failed to conduct a reasonable investigation of Plaintiff's claim and failed to effect prompt resolution of Plaintiff's claim.

C. Defendant Martinez engaged in an unfair practice in the business of insurance because (1) he failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with which the insurer's liability has become reasonably clear; and (2) failed to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law for the USLI's failing to make an offer of a compromise settlement of the claim.

D. The failure to make a prompt settlement of the claim and provide a reasonable explanation was done knowingly with actual awareness of the unfairness of the Defendant USLI's tender of payment in the total sum of $20,504.36 after Plaintiff had declined to accept the amount tendered and knew that the amount tendered was significantly less than the actual amount of the loss sustained in damages to the insured property.

Page 6 of 8

XIV.

A. John Doe conducted an inspection of the damage to the property and adjusted the loss. John Doe was an agent or employee of USLI and was engaged in the business of insurance. John Doe failed to make a complete and adequate inspection of the insured property and under-estimated the damages. John Doe represented to the insured that the full cost of repair or replacement of the property at the time of loss was $19,413.71 and that the actual cash value loss was $10,504.38. The failure to make a proper evaluation of the damage to the property resulted in loss to Plaintiff as loss payee, because the amount tendered for damages was inadequate to cover Plaintiff's losses under the policy of insurance.

B. Defendant John Doe engaged in an unfair practice in the business of insurance because John Doe failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with which the insurer's liability had become reasonably clear.

C. The failure to make a prompt settlement of the claim was done knowingly with actual awareness of the unfairness of the adjustment of the claim.

XV.

A. Plaintiff is entitled to damages to the building and sign caused by or resulting from the wind storm for the actual cash value of the loss, or the full cost of repair or replacement, or the amount of loss sustained in its security interest as mortgagee.

B. The damages sought are within the jurisdictional limits of the court.

C. The Plaintiff seeks monetary relief over $200,000.00 but not more than $1,000,000.00.

D. Plaintiff seeks an additional amount of damages up to three times actual damages incurred because the Defendants engaged in unfair practices in the business of insurance as

provided in Chapter 541 of the Texas Insurance Code.

XVI.

Plaintiff has made demand of USLI for its actual damages which USLI has failed to pay and Plaintiff is entitled to its reasonable attorney's fees.

PRAYER

WHEREFORE, Plaintiff prays that citation issue to Defendants and that Plaintiff have damages as follows:

1) For its actual damages;

2) For damages up to three times its actual damages;

3) For its accrued interest;

4) For its attorney's fees;

5) For its costs of suit; and

6) For Post-Judgment Interest; and

7) For general relief.

Respectfully submitted,

BEARD KULTGEN BROPHY
BOSTWICK & DICKSON, LLP

*[signature]*

Frederick deB. Bostwick, III
State Bar No. 02682500
220 South 4th Street
Waco, Texas 76701
(254) 776-5500  - (254) 776-3591 (facsimile)
bostwick@thetexasfirm.com
www.thetexasfirm.com

Attorneys for Plaintiff,


# BEARD KULTGEN
## BROPHY BOSTWICK
ATTORNEYS AT LAW & DICKSON LLP

May 19, 2015

Mr. Doug Rees
Cooper & Scully, P.C.
900 Jackson Street, #100
Dallas, Texas 75202

    **CERTIFIED MAIL – RETURN RECEIPT REQUESTED**
    **#9414 7266 9904 2000 4542-08**

    Re:    Cause No. 91556,
            40th District Court, Ellis County, Texas
            Ennis State Bank
            Vs.
            United States Liability Insurance Company, Angel Luis
            Martinez, Jr. and John Doe

Dear Mr. Rees:

    Pursuant to your telephone conversation of May 15, 2015, with Mr. Frank Beard, find enclosed a file marked copy of Plaintiff's Original Petition in the above referenced cause. It is our understanding that you are authorized to accept service on behalf of the Defendant United States Liability Insurance Company. To effect service please designate below the date and time that you actually received this letter and Plaintiff's Original Petition and we agree that the time designated will be the time of actual service for all purposes. Please sign and return a copy of this letter to us. We will file it with the Clerk.

                                                    Sincerely Yours,

                                                    Frederick deB. Bostwick, III

    I am authorized to accept service for my client United States Liability Insurance Company in the above referenced cause. Plaintiff's Original Petition was received by me on May _21_, 2015, at _2_ o'clock _P_ M.

                                                    Doug Rees, Attorney At Law

FB:rm
Encls.

Case 3:15-cv-02087-B   Document 1-3   Filed 06/19/15   Page 13 of 14   PageID 28

Filed 06/01/15 9:28:00 AM
Melanie Reed
District Clerk
Ellis County, Texas
Ellis County - District Clerk
91556

CAUSE NO. 91556

| | | |
|---|---|---|
| ENNIS STATE BANK | § | IN THE DISTRICT COURT OF |
| | § | |
| v. | § | |
| | § | ELLIS COUNTY, TEXAS |
| UNITED STATES LIABILITY | § | |
| INSURANCE COMPANY, ANGEL LUIS | § | |
| MARTINEZ, JR. and JOHN DOE | § | 40TH JUDICIAL DISTRICT |

**DEFENDANTS UNITED STATES LIABILITY INSURANCE COMPANY AND ANGEL LUIS MARTINEZ, JR.'S ORIGINAL ANSWER**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COME NOW** United States Liability Insurance Company and Angel Luis Martinez, Jr. ("Defendants"), two of the Defendants in the above-entitled and numbered cause, and in answer to the Original Petition filed herein by Plaintiff, files this their Original Answer and would respectfully show the Court as follows:

I.

**GENERAL DENIAL**

Defendants generally deny the allegations contained in Plaintiff's Original Petition and say the same are not true, in whole or in part, and demand strict proof thereof.

**WHEREFORE, PREMISES CONSIDERED,** United States Liability Insurance Company and Angel Luis Martinez, Jr. pray that upon final hearing and trial hereof, Plaintiff take nothing by its suit against these Defendants, that Defendants recover their costs incurred, and for such other and further relief, special or general, at law or in equity, to which Defendants may show themselves justly entitled to receive.

Respectfully submitted,

By: _____
   */s/ Lauren N. Pierce*

**R. DOUGLAS REES**
State Bar No. 16700600
doug.rees@cooperscully.com
**LAUREN N. PIERCE**
Texas Bar No. 00784675
lauren.pierce@cooperscully.com

**COOPER & SCULLY, P.C.**
900 Jackson Street, Suite 100
Dallas, Texas 75202
Telephone: 214-712-9500
Facsimile: 214-712-9540

ATTORNEYS FOR DEFENDANTS UNITED
STATES LIABILITY INSURANCE COMPANY AND
ANGEL LUIS MARTINEZ, JR.

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of June, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Frederick Bostwick, III
Beard, Kultgen Brophy Bostwick & Dickson, LLP
220 South 4th Street
Waco, TX 76701

      */s/ Lauren N. Pierce*
      _____
      **LAUREN N. PIERCE**